## GEO. CARTER v. COMMONWEALTH.

**Criminal Law—Theft—Declaration of Party Accused Competent Evidence.**

The declarations of a party accused of theft as to the manner in which he may have acquired possession of the stolen property are always admissible in his behalf, where the guilt of the accused is made to turn alone upon such possession.

### APPEAL FROM FAYETTE CIRCUIT COURT.

June 13, 1872.

OPINION BY JUDGE LINDSAY:

The failure to object to the testimony of Garrison Jones precludes this Court from considering the question now raised for the first time as to the competency of the witness.

The only facts proven connecting the appellant with the taking and asportation of the stolen mare, are that he was in possession of and sold her after she had been stolen. The question presented by the exception to the refusal of the court to allow the witness, Len Carter, to state to the jury what the appellant said at the time of the sale as to the manner in which he acquired such possession, is the only one we deem it necessary to determine.

It is apparent from the record that appellant was not, at the time these statements were made, suspected of the theft. According to the doctrine established by the case of *Rex v. Abraham*, 2 Karrinton & Kerwin, 550, which was approved by this Court in the case of *Tipper v. Comlth.*, 1st Metcalfe 6, this testimony was competent, and the avowal of appellant as to what the answer to the question would be, shows that it was material.

Without indicating an opinion as to whether or not under such circumstances the declarations of a party accused of theft as to the manner in which he may have acquired possession of the stolen

property are always admissible in his behalf, we are of opinion that in this case where the guilt of the accused is made to turn alone upon such possession, the declarations in question ought to have been permitted to be proven to the jury. For the error of the court below in sustaining the objection to this testimony the judgment must be reversed.

The cause is remanded for a new trial upon principles consistent with this opinion.

*Breckenridge, for appellant.*
*Buckner, for appellee.*